UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARY LAMPSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>　　　　　　Defendant. | Case No. C05-5199RJB<br><br>ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS; AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendant's Motion to Stay Federal Court Proceedings (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

This case arises from a temporary moratorium imposed by Defendant City of Bainbridge Island on applications for shoreline development between August 8, 2001 and March 1, 2004. The moratorium barred applications for new over-water construction, such as piers, docks, and floats, in Blakely Harbor and, at times, the entire area of Bainbridge Island.

On June 16, 2003, the Washington Superior Court for Kitsap County (Case No. 01-2-03282-0) declared the moratorium invalid, holding that (1) the moratorium was not valid as a *de facto* amendment to the City's Shoreline Master Program, (2) the City did not have implied authority to impose a moratorium under the Shoreline Management Act (Ch. 90.58 RCW), and

ORDER
Page - 1

(3) even if the City had implied authority, its moratorium was invalid because it was an unconstitutional violation of Washington Constitution Article XI, Section 11 as a local law in conflict with the state's general laws. Complaint, at 7. The Washington Court of Appeals automatically stayed the trial court's order pending appeal. *Id.*

On December 21, 2004, the Washington Court of Appeals upheld the judgment of the Washington Superior Court for Kitsap County, invalidating the moratorium on the grounds that the City lacked authority to impose such a moratorium. *Biggers v. City of Bainbridge Island*, 124 Wn. App. 858 (2004).

On May 27, 2005, the City filed a Petition for Review with the Washington Supreme Court, which is still pending. Dkt 8, at 4. In the petition for review, the City contends that the Court of Appeals was in error when it held that the City does not have either statutory or inherent constitutional authority to adopt a temporary shoreline moratorium. *Id.* The Washington State Supreme Court generally takes from four to eight months to grant or deny review. *Id.*

On September 10, 2003, the City adopted a permanent amendment to its Shoreline Master Program, which prohibits new construction of private docks and piers in Blakely Harbor. *Id.*, at 5. On February 13, 2004, the amendment was approved by the Department of Ecology, and on January 19, 2005, the amendment was affirmed on appeal by the Central Puget Sound Growth Management Hearings Board. *Id.* On February 15, 2005, several property owners in the City of Bainbridge Island filed an appeal in Thurston County Superior Court challenging the Board's decision. *Id.* The appeal is pending, and no hearing date has been set. *Id.*

On February 17, 2005, Plaintiff and eight other owners of property in Blakely Harbor filed separate actions for damages in Washington Superior Court for Kitsap County against Defendant City of Bainbridge Island. On March 17, 2005, Defendant removed all nine actions to this Court under 28 U.S.C. § 1331.

Plaintiffs allege damages resulting from the City's adoption and extension of the

ORDER
Page - 2

temporary moratorium on shoreline development. Complaint, at 19. Specifically, Plaintiffs contend that the moratorium prevented them from filing applications for permits to build private docks, which would have vested their rights prior to the City passing the Shoreline Master Program amendment on September 10, 2003 that prohibits new private docks in Blakely Harbor. *Id.* Plaintiffs allege that (1) Defendant's arbitrary and capricious, and/or unlawful actions in adopting and extending the moratorium prevented Plaintiffs from filing applications to build private docks, thereby violating RCW 64.40.020; (2) Defendant's adoption and extension of the moratorium interferes with Plaintiffs' reasonable use and development of their property, thereby causing a partial temporary and/or permanent taking of property interests without just compensation, as required by Article I, Section 16 of the Washington Constitution, and (3) Defendant's adoption and extension of the moratorium violated Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983 by depriving Plaintiffs of substantive and procedural due process, and equal protection under the laws. *Id.* at 19-20.

## MOTION TO STAY PROCEEDINGS

On September 15, 2005, Defendant filed a Motion to Stay Proceedings (Dkt. 8), requesting that the Court stay this case until the Washington Supreme Court either denies review of *Biggers v. City of Bainbridge Island*, 124 Wn. App. 858 (2004), or accepts review and rules on the validity of the City of Bainbridge Island's moratorium.

Defendant contends that Plaintiffs' federal action for damages is based upon the assumed invalidity of the moratorium, because the Washington Court of Appeals held that the moratorium was facially invalid. Defendant argues that, but for the Court of Appeals' opinion, Plaintiffs would have no viable claims against the City. Defendant contends that since a decision by the Washington Supreme Court will completely resolve the issues between the parties, a stay of these proceedings is warranted under *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976).

Plaintiffs contend that a decision regarding the validity of the moratorium by the

Washington Supreme Court will not resolve the issues before this Court, because the *Biggers* case involves fundamentally different issues than Plaintiffs' claim for damages. Plaintiffs contend that damages are warranted regardless of whether the Washington Supreme Court finds the moratorium valid, because Plaintiffs' claims allege that (1) Defendant arbitrarily and capriciously enacted the moratorium, as prohibited by RCW 64.40.020, (2) the moratorium resulted in a taking under the Washington Constitution, and (3) the procedural and substantive aspects of the moratorium violated Plaintiffs' civil rights under 42 U.S.C. § 1983. Plaintiffs agree with Defendant that the standards set forth in *Colorado River* should be used to determine whether a stay is warranted in this case, but contend that this situation does not meet *Colorado River's* "exceptional circumstances" test.

## APPLICABLE STANDARDS

In *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 815-16 (1976), the Supreme Court stated:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order of the parties to repair to State court would clearly serve an important countervailing interest. ... Abstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination or pertinent state law. ... Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. (Internal quotations and citations omitted.)

In *Holder v. Holder*, 305 F.3d 854, 867-68 (2002), the United States Court of Appeals for the Ninth Circuit discussed the *Colorado River* abstention doctrine, and set forth several factors for consideration when a stay is contemplated:

> Under *Colorado River*, considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may justify a decision by the district court to stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter. Exact parallelism is not required; it is enough if the two proceedings are

ORDER
Page - 4

substantially similar. But because generally, as between state and federal courts with concurrent jurisdiction, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, the *Colorado River* doctrine is a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.  In *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983), the Supreme Court clarified that to fit into this narrow doctrine, exceptional circumstances must be present. ...

Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay. When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. *If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all. ... Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.  (Internal quotations and citations omitted.)

## DISCUSSION

Defendant has requested that the Court stay these proceedings until the Washington Supreme Court either denies review of *Biggers v. City of Bainbridge Island*, 124 Wn. App. 858 (2004), or accepts review and rules on the validity of the City's moratorium.  While such a decision by the Washington Supreme Court may be helpful to some degree in the case before this Court, a stay under the *Colorado River* abstention doctrine is not warranted at this time. A stay under *Colorado River* requires the presence of *exceptional circumstances*, which do not exist in this case.  Potential inconvenience to the parties that may, or may not, arise from a decision of the Washington Supreme Court does not justify a stay under *Colorado River*. Further, actions by the Washington Supreme Court with regard to *Biggers* will not moot Plaintiffs' claims in this case, most of which are substantially different than the issues presented on appeal in *Biggers*.  As noted in *Holder* above, "When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be

ORDER
Page - 5

an adequate vehicle for the complete and prompt resolution of the issues between the parties." A decision by the Washington Supreme Court regarding the validity of the moratorium will not accomplish this, because Plaintiffs' claims allege that Defendants acted capriciously and arbitrarily in passing the moratorium, and that the moratorium–whether invalid or not–violated Plaintiffs' civil rights and property rights under both the state and federal constitutions.

The Court, however, invites the parties to think carefully about how to proceed should the Washington Supreme Court accept certification of *Biggers*. A determination by the Washington Supreme Court that the City's moratorium is valid could affect certain issues and claims before the Court in this case. Specifically, such a determination could affect the issues of state law over which this Court may assume supplemental jurisdiction. Should the Washington Supreme Court accept certification of *Biggers*, the parties should consider the following: (1) whether the entire case should be stayed by stipulation of the parties pending the outcome of *Biggers*, (2) whether this action should proceed even though the Washington Supreme Court's decision in *Biggers* may impact the judgment in this case, and (3) whether the Court should decline to exercise supplemental jurisdiction over the state claims in this case, and proceed with the federal claims only.

Upon review of this matter, it also appears that the legal and factual issues in the nine cases regarding this matter are closely related, and that the cases should, perhaps, be consolidated. Case Nos. 05-5197, 5198, 5199, 5201, 5202, 5203, 5204, 5205, 5206. Accordingly, not later than October 14, 2005, the parties may **SHOW CAUSE**, if any they have, why these cases should not be consolidated. If the parties do not respond to this Order to Show Cause, or if they otherwise fail to show cause why these cases should not be consolidated, the Court will order that they be consolidated.

ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Stay Proceedings (Dkt. 11) is **DENIED** without prejudice.  It is further **ORDERED** that the parties may **SHOW CAUSE**, in writing, if any they have, not later than October 14, 2005, why the above cases should not be consolidated.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se at said party's last known address.*

DATED this 7th day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

ORDER
Page - 7